REBECCA EMMONS vs. HOPE LODGE No. 21, I. O. O. F.

New Castle County, November Term, 1893.

**Beneficial Association.**—In an action to recover funeral benefits from a lodge or secret society, the plaintiff can only recover under the provisions of the by-laws and constitution of said society, showing a strict compliance therewith.

This was an action of assumpsit to recover funeral benefits. The facts will sufficiently appear in the charge of the Court.

CULLEN, J., (charging the jury).

This is an action of assumpsit brought by Rebecca Emmons, the plaintiff, against Hope Lodge No. 21, 1. O. O. F., to recover, under Article 8 of the by-laws of said association, the sum of two hundred dollars with interest from the 5th of April, 1890, which she claims as due her for funeral benefits under the provisions of said article by reason of the death of her husband, William Emmons, who was a member of said association.

It is admitted that Rebecca Emmons, the plaintiff, is the widow of William Emmons, who for many years past has been a member of the association, and that her husband departed this life on the fifth day of April, 1890. Article No. 8 in the by-laws, under the provisions of which the plaintiff seeks to recover, is in these words, viz.: "SECTION 1. In case of the death of a member in good standing the sum of two hundred dollars shall be allowed as a funeral benefit," etc. It is upon this section that the plaintiff rests her right of recovery, and we must say to you that if the plaintiff proves to your satisfaction the requirements contained in this article she is entitled to recover. If you are satisfied from the evidence offered in this case that the husband of the plaintiff was a member of the association in good standing at the time of his decease she is entitled to recover. Being a member in good standing is a fact to be determined by you from the evidence offered, and you are the sole judges of that fact, but in order to direct you as to the ascertain-

ment of that fact we will refer you to the constitution of said association, which has been offered in evidence, and you will find set forth in Section 12 of Article 2 of the constitution as follows, viz. :

"SECTION 12. Members in 'good standing' within the meaning of the laws of the order shall be, first, contributing members of the lodge who are not indebted for dues and against whom no charge of delinquency or misconduct is pending, and second, all members endorsed by legal cards."

The constitution, you will see from the section quoted, defines what is meant by a member in good standing. Was the deceased husband a contributing member of the lodge, and does the evidence offered satisfy you that such was the fact, and are you satisfied from the evidence that he, at the time of his decease, was not indebted thereto for dues, and that there was not against him any charge of delinquency or misconduct then pending ? If you are satisfied from the proof that he was a contributing member of the lodge, was not at his decease indebted to the lodge for dues, and that there was no charge of delinquency or misconduct pending at his decease, then under the provisions of said constitution he was a member in good standing and you should so find.

The right of recovery in this case is based entirely upon the constitution and by-laws of the association. Both sides are alike bound by them, and each alike are bound to comply with the provisions therein contained. The evidence in this case not disputed and admitted on both sides shows that for many years the deceased husband paid up in full and regularly his dues until about the 26th of February, 1890, when he fell behind some forty-five or sixty-five cents, but that on the 19th of March, 1890, he paid in full all delinquencies, and an excess such as that at his decease there was due him from the lodge a balance of some two dollars. Now, under the provisions of the by-laws, if a member failed to pay his dues on time, he did not cease to be a member, but could pay up the same, though as a penalty incurred by reason of neglect was deprived of the right to receive (if sick or disabled) benefits during such sickness, or for one month after such indebtedness

shall have been paid. There is no need for the Court to put any construction on this by-law, which is Section 5 of Article 7, for the same is not involved in this case. Under this provision the defendant claims that William Emmons, being a delinquent and not having paid his full indebtedness until the 19th of March, 1890, under the provisions of said by-laws, he could not until the expiration of one month from said 19th of March, 1890, receive benefits for sickness, but that having died before the expiration of one month he was not a member in good standing, and hence his widow was not entitled to the funeral benefits.

The Court do not agree to the construction contended for by the counsel for the defendant for allowing the by-law, as by its express provisions declared, it only imposes the withholding from a member any benefits for sickness for one month from the time he pays up his dues, but in no way affects the right of his widow to funeral benefits, unless it can be shown that said member was not in good standing at the time of his decease. In this case, at the time of decease, it is not claimed there were any dues unpaid or charge of delinquency or misconduct pending. It is expressly proved, and not denied, that all dues were paid and an excess of two dollars on the 19th of March, 1890, when Emmons died, on the 5th of April, 1890. We find nowhere in the by-laws anything affecting the good standing of a member or defining the same, save in the constitution, and to that we have before referred.

We have been asked by the defendant to charge you that William Emmons, the defendant in this case, who entered into and became a member of Hope Lodge, etc., was presumed to know and was bound by the by-laws and constitution of the said lodge. We agree that in this the counsel for the defendant is correct, for if it be proved to your satisfaction that William Emmons did any act which shows to you that under said constitution and by-laws he was not a member in good standing at his decease, the plaintiff has no right to recover in this action, and we may further say that the plaintiff in this case can only recover under the provisions of

Charge.

the by-laws and constitution of the association, showing a strict compliance therewith.

We have been asked to rule out a letter offered by the plaintiff in this case, written by an officer of the association to the plaintiff as irrelevant. This letter contains no promise to pay, such as, if the defendant had a legal defence, would constitute a waiver by which they would be bound, but is uncertain and ambiguous in its terms, and would not, even if introduced to remove the bar of the act of limitations, constitute a promise to pay, but amounts only to an acknowledgment that the defendant was endeavoring to make some arrangements to settle the claim. We do not consider that it affects the issues in this case and, therefore, think and order that the same shall be ruled out.

In conclusion we say to you, gentlemen, that this case lies in very narrow limits. The only question for you to decide is: Was William Emmons at the time of his death a member in good standing in Hope Lodge No. 21, I. O. O. F.? We have given you our construction of the constitution and by-laws of the lodge relating to this matter. It is your duty to take into consideration the evidence given in this case and apply the same to the law as we have stated; and should you be satisfied that such is the fact your verdict should be for the plaintiff for the sum of two hundred dollars, with interest from the 5th of April, 1890, when William Emmons died. But should you from the evidence believe that said William Emmons at the time of his decease was not a member in good standing, having forfeited his right thereto by reason of a violation of the constitution and by-laws of said association, then your verdict should be for the defendant.

There is another matter which has been suggested as to which we have not thought it necessary to charge you. It is said that there was no proof in relation to the deceased member being a member of the third degree.

We don't think that matter is necessary, because under the express provision of the by-laws, as I have stated to you, " In case of the death of a member in good standing the sum of two

hundred dollars shall be allowed as a funeral benefit," and, therefore, showing that the person was a member in good standing at the time of his death, would undoubtedly entitle the plaintiff to recover in this case.

*The plaintiff had a verdict for $243.98.*

*Harry Emmons*, for plaintiff.

*H. H. Ward*, for defendant.